IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>  Plaintiff,<br><br>vs.<br><br>EAST COLUMBUS HOST, LLC d/b/a TEXAS ROADHOUSE, and ULTRA STEAK, INC.,<br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 2:14-cv-1696<br><br>COMPLAINT AND JURY TRIAL DEMAND |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, as amended, to correct unlawful employment practices on the bases of sex and retaliation and to provide relief to females who were affected by such unlawful practices. As alleged with greater specificity below, since at least 2007 and continuing through May 2011, Defendants East Columbus Host, LLC d/b/a Texas Roadhouse and Ultra Steak, Inc. ("Defendants") have engaged in sex discrimination by subjecting female employees to sexual harassment at Defendants' Texas Roadhouse restaurant in Columbus, Ohio and have unlawfully retaliated against females who complained about or opposed the sexual harassment, or otherwise engaged in protected activity.

JURISDICTION AND VENUE

  1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of

1

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission" or "EEOC"), is the agency of the United States of American charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 704(a) of Title VII, 42 U.S.C. § 2000e-5(f)1) and (3).

4. At all relevant times, Defendant East Columbus Host, LLC d/b/a Texas Roadhouse ("East Columbus Host"), an Indiana corporation, has been doing business continuously in Ohio as a for-profit foreign corporation and has been operating a Texas Roadhouse restaurant in Columbus, Ohio.

5. At all relevant times Defendant East Columbus Host has had at least 15 employees.

6. At all relevant times, Defendant East Columbus Host continuously has been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

7. At all relevant times, Defendant Ultra Steak, Inc. ("Ultra Steak"), an Indiana corporation, has been doing business continuously in Ohio as a for-profit foreign corporation and has been operating a Texas Roadhouse restaurant in the city of Columbus, Ohio.

8. At all relevant times Defendant Ultra Steak has had at least 15 employees.

9. At all relevant times, Defendant Ultra Steak continuously has been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

10. Defendant Ultra Steak is a restaurant management company that operates several Texas Roadhouse franchise restaurants, including the Texas Roadhouse restaurant located at 5490 E. Main Street in Columbus, Ohio.

11. Defendant East Columbus Host is a Texas Roadhouse franchisee that operates the Texas Roadhouse restaurant located at 5490 E. Main Street in Columbus, Ohio.

12. Regarding the operation of the Texas Roadhouse restaurant located at 5490 E. Main Street in Reynoldsburg, Ohio, Defendants Ultra Steak and East Columbus Host function as an integrated enterprise/single employer or, in the alternative, function as joint employers.

## STATEMENT OF CLAIMS

13. More than thirty (30) days before the institution of this lawsuit, Charging Party Cynthia Lappert filed Charge of Discrimination No. 22A-2010-02636, against Defendants alleging violations of Title VII.

14. All conditions precedent to this lawsuit have been fulfilled.

15. Since at least 2007, Defendants have engaged in unlawful employment practices in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). The alleged unlawful practices include, but are not limited to, the following:

   a. In August 2006, Defendant Ultra Steak hired Eric Price to work as a Trainee in an Ultra Steak restaurant in Avon, Indiana. In January 2007, Price became a Service Manager at an Ultra Steak restaurant in Indianapolis, Indiana where he worked until October 2007.

  b. On October 24, 2007, Eric Price became the Managing Partner at Defendants' Texas Roadhouse restaurant located at 5490 E. Main Street in Columbus, Ohio.

  c. As Managing Partner at the Columbus Texas Roadhouse restaurant, Price was the highest-ranking manager who worked at the restaurant on a daily basis and had full management responsibility for all restaurant operations including hiring, training, managing, promoting, and firing restaurant personnel.

  d. Beginning in at least October 2007 and continuing throughout his employment with Defendants, Eric Price sexually harassed female employees working in the Texas Roadhouse restaurant at 5490 E. Main Street in Columbus, Ohio.

  e. Throughout his employment with Defendants, Price pressured female employees for sexual favors in exchange for employment benefits or as a condition for avoiding adverse employment action, including but not limited to: telling females that they could not obtain favorable jobs, assignments, work hours, or schedules unless they met privately with him outside the workplace, kissed him, allowed him to touch them, allowed him to perform oral sex on them, or had sex with him; demanding that females engage in sexual contact with him or be fired, involuntarily transferred, or lose favorable job opportunities, assignments, work hours, or schedules; and threatening or punishing females who did not tolerate or comply with his sexual advances.

  f. Throughout his employment with Defendants, Price subjected female employees to an unlawful hostile work environment based on sex when he subjected them to severe or pervasive sex harassment that permeated the work environment and included, but was not limited to: making unwelcome sexual advances such as proposing that females spend time with him alone outside the workplace, hug him, kiss him, have sex with him on restaurant tables,

4

or allow him perform oral sex on them; engaging in sexual contact with females including reaching under their shirts or skirts, touching their buttocks, wrapping his arms around them, putting his hand on their lower backs, and grabbing their hair and telling them to moan for him; making crude and sexually explicit remarks about females' breasts, buttocks, sexual preferences, sexual partners, sex acts he had performed or would like to perform with females, his sexual interest in young females, how sexually "wild" certain females are, how "hot" certain females made him, that he liked to make females "wet," that he liked to hold onto females' hair while having sex with them, and that female employees should show more skin or wear tighter clothing; and permeating the work environment with references to his sexual exploits and desires.

    g. Price's pattern of sexually harassing female employees was so open and notorious that managers engaged in the hiring process were encouraged to evaluate female applicants for hire based on whether they were young, attractive, and "screw-able" enough to take back to Price's apartment.

    i. In a section of Defendants' Employee Handbook entitled "Intention to Employ Minors," Defendants acknowledge their practice of employing young adults between the ages of 16 and 24 at Texas Roadhouse.  The Handbook includes a letter to the parents of Defendants' young employees.  In the "Dear Parent" letter, Defendants acknowledge that they are responsible for providing opportunities for the "growth, education, and development of your child."

    j. During the course of Price's employment, Defendants knew or should have known that Price's staff included young females, some of whom were minors.

5

k. During the course of Price's employment, Defendants received complaints that Price was sexually harassing females at the Columbus Texas Roadhouse restaurant and, specifically, received a complaint stating that Price harassed females in the 16-27 age range and flirted with females under the age of 18.

l. During the course of Price's employment, Defendants were on notice that Price used his power as Managing Partner to facilitate sexual harassment and punish those who did not comply.  For example, one female employee told Defendants in a 2008 complaint that when she responded unfavorably to Price, "he tells me that 'he owns me' because I work for 'his restaurant.'"  The same employee urged Defendants to conduct a "careful investigation," not to alert Price, and to assure females that their jobs were safe.  In her complaint about Price the employee begged Defendants to, "Please do something."

m. Although Defendants were on notice of Price's intimidation tactics, Price bragged that Defendants told him about the complaints and allegations made against him, including the names of those who complained, as soon as complaints were made.  Price used this information to threaten female employees who feared that he would punish them for complaining, to chill females from complaining about him, and to intimidate witnesses from disclosing his conduct should anyone conduct an investigation or inquire about Price's workplace behavior.

n. Price told two females who held lower level management positions that he knew they had given female employees information about how to file sexual harassment complaints against him and that, if they ever did that again, they would be fired.

o. Defendants either failed to conduct investigations of sexual harassment complaints or conducted investigations that were designed to avoid sustaining any complaints

6

and to avoid taking any action against Price.  For example, when Defendants did investigate sexual harassment complaints about Price, Defendants: allowed Price to control and manipulate staff who were, or could have been, interviewed about whether Price was sexually harassing females at Texas Roadhouse; chilled future complaints by encouraging, or failing to discourage, the impression that complaining about Price would be futile, humiliating, or result in retaliation; limited the identification of sexual harassment victims; limited the discovery of important witness testimony; discredited or ignored witnesses who were known or believed to be unfavorable to Price; and failed to create and/or retain records that would disclose the nature and scope of investigations conducted, which employees were interviewed during any such investigations, and what information was provided during any interviews.

16. Since at least 2007, Defendants have engaged in unlawful retaliation in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

17. During the course of Price's employment with Defendants, females opposed and/or complained about Price's sexual harassment.

18. Defendants unlawfully retaliated against females because they engaged in protected activity by taking action that a reasonable worker would find materially adverse or that would dissuade a reasonable worker from making or supporting a charge of discrimination.

19. The action taken against females who opposed and/or complained about Price's sexual harassment, includes but is not limited to: withdrawing, denying, or interfering with job opportunities, assignments, benefits, and/or advancement; withdrawing, denying, or interfering with work hours, schedules, time off, leave status, and/or breaks; imposing unfavorable working conditions; negatively impacting the terms and conditions of employment; demoting,

7

disciplining, involuntarily transferring, constructively discharging, and/or discharging employees.

20. The violations described in paragraphs 15 through 19, above, adversely affected Cynthia Lappert, Cheyenne Green, Michelle Hessler, Ashley Harry, Lindsay Stover, Kathleen Brown, Savannah Gambina, Brandy Jones, Fawn Leathers, Bonnie Rene Fagan, Courtney Faller, Miranda Heightland, and a class of similarly situated female employees who worked for Defendants.

21. Cynthia Lappert was employed by Defendants at the Columbus Texas Roadhouse restaurant from 2005 to September 2009.

22. During Lappert's employment, Price pressured Lappert for sexual favors in exchange for employment benefits or advancement or as a condition for avoiding adverse employment action. More specifically, Price told Lappert that if she did not comply with his demands for sexual favors she would be deprived of worker's compensation benefits, a favorable schedule and/or leave, job advancement, and other favorable terms and conditions of employment.

23. During Lappert's employment and continuing through her constructive discharge in September 2009, Defendants subjected Lappert to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct, as described more fully in paragraph 15, above. The sexual harassment culminated in Lappert's demotion and constructive discharge.

24. Lappert engaged in protected activity when she opposed Price's sexual harassment. Defendants unlawfully retaliated against Lappert because she engaged in protected activity by taking action that a reasonable worker would find materially adverse or that would

8

dissuade a reasonable worker from making or supporting a charge of discrimination, as described with more particularity in paragraph 19, above.

25. Cheyenne Green was employed by Defendants at the Columbus Texas Roadhouse restaurant from 2005 to December 2009.

26. During Green's employment and continuing through December 2009, Defendants subjected Green to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct, as described more fully in paragraph 15, above.

27. Michelle Hessler was employed by Defendants at the Columbus Texas Roadhouse restaurant from 2006 to February 2008.

28. During Hessler's employment, Price pressured Hessler for sexual favors in exchange for an opportunity to work in management and other favorable terms and conditions of employment.

29. During Hessler's employment and continuing through February 2008, Defendants subjected Hessler to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct as described with more particularity in paragraph 15, above.

30. Hessler engaged in protected activity when she opposed Price's sexual harassment.  Defendants unlawfully retaliated against Hessler because she engaged in protected activity by taking action that a reasonable worker would find materially adverse or that would dissuade a reasonable worker from making or supporting a charge of discrimination, as described with more particularity in paragraph 19, above.

31. Lindsay Stover was employed by Defendants at the Columbus Texas Roadhouse restaurant from August 2008 to November 2008.

32. During Stover's employment, Defendants subjected Stover to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct as described with more particularity in paragraph 15, above.

33. Ashley Harry was employed by Defendants at the Columbus Texas Roadhouse restaurant from 2007 to 2010.

34. During Harry's employment and continuing through 2010, Defendants subjected Harry to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct, as described with more particularity in paragraph 15, above.

35. Harry engaged in protected activity when she opposed Price's sexual harassment. Defendants unlawfully retaliated against Harry because she engaged in protected activity by taking action that a reasonable worker would find materially adverse or that would dissuade a reasonable worker from making or supporting a charge of discrimination, as described with more particularity in paragraph 19, above.

36. Kathleen Brown was employed by Defendants at the Columbus Texas Roadhouse restaurant from the spring of 2009 to August 2009.

37. During Brown's employment and continuing through August 2009, Price pressured Brown for sexual favors in exchange for a favorable schedule, leave, and other terms and conditions of employment.

38. During Brown's employment, and continuing through August 2009, Defendants subjected Brown to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct as described with more particularity in paragraph 15, above.

39. Savannah Gambina was employed by Defendants at the Columbus Texas Roadhouse restaurant from 2008 to 2010.

40. During Gambina's employment, Price pressured Gambina for sexual favors in exchange for favorable terms and conditions of employment and as a condition for avoiding adverse employment action.

41. During Gambina's employment, and continuing through 2010, Defendants subjected Gambina to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct, as described more fully in paragraph 15, above. Price's sexual harassment of Gambina culminated in her constructive discharge or, alternatively, her termination.

42. Gambina engaged in protected activity when she opposed Price's sexual harassment. Defendants unlawfully retaliated against Gambina because she engaged in protected activity by taking action that a reasonable worker would find materially adverse or that would dissuade a reasonable worker from making or supporting a charge of discrimination, as described with more particularity in paragraph 19, above.

43. Brandy Jones was employed by Defendants at the Columbus Texas Roadhouse restaurant from January 2010 to October 2010.

44. During Jones's employment, and continuing through October 2010, Price pressured Jones to have sex with him for sexual favors in exchange for an opportunity to work in management and to obtain work hours or a favorable schedule.

45. During Jones's employment and continuing through October 2010, Defendants subjected Jones to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct, as described with more particularity in paragraph 15, above.

46. Jones engaged in protected activity when she opposed Price's sexual harassment. Defendants unlawfully retaliated against Jones because she engaged in protected activity by taking action that a reasonable worker would find materially adverse or that would dissuade a reasonable worker from making or supporting a charge of discrimination, as described with more particularity in paragraph 19, above.

47. Fawn Leathers was employed by Defendants at the Columbus Texas Roadhouse restaurant from 2009 to 2010.

48. During Leathers' employment, and continuing through 2010, Defendants subjected Leathers to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct, as described with more particularity in paragraph 15, above.

49. Bonnie Rene Fagan was employed by Defendants at the Columbus Texas Roadhouse restaurant from 2007 to 2010.

50. During Fagan's employment, Price pressured Jones for sexual favors in exchange for a favorable schedule, work hours, and other favorable terms and conditions of employment.

51. During Fagan's employment and continuing through 2010, Defendants subjected Fagan to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct, as described with more particularity in paragraph 15, above.

52. Courtney Faller was employed by Defendants at the Columbus Texas Roadhouse restaurant in 2010 and 2011.

53. During Faller's employment, Defendants subjected Faller to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct, as described with more particularity in paragraph 15, above.

54. Miranda Heightland was employed by Defendants at the Columbus Texas Roadhouse restaurant in 2010 and 2011.

55. During Heightland's employment, Price pressured Heightland for sexual favors in exchange for a favorable schedule, leave, breaks, and favorable job assignments.

56. During Heightland's employment, Defendants subjected Heightland to a hostile work environment because of sex when they exposed her to a workplace that was permeated with Price's unwelcome sexually explicit conduct, as described with more particularity in paragraph 15, above.  Price's sexual harassment of Heightland culminated in her constructive discharge.

57. As a result of the aforementioned actions, Defendants subjected Cynthia Lappert, Cheyenne Green, Michelle Hessler, Ashley Harry, Lindsay Stover, Kathleen Brown, Savannah Gambina, Brandy Jones, Fawn Leathers, Bonnie Rene Fagan, Courtney Faller, Miranda

Heightland, and a class of similarly situated females to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, as amended.

58. As a result of the aforementioned actions, Defendants subjected Cynthia Lappert, Michelle Hessler, Ashley Harry, Savannah Gambina, Brandy Jones, and a class of females to unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

59. The effect of the practices complained of in paragraphs 15 through 56, above, has been to deprive Cynthia Lappert, Cheyenne Green, Michelle Hessler, Ashley Harry, Lindsay Stover, Kathleen Brown, Savannah Gambina, Brandy Jones, Fawn Leathers, Bonnie Rene Fagan, Courtney Faller, Miranda Heightland, and a class of similarly situated females of equal employment opportunities.

60. The unlawful employment practices complained of in paragraphs 15 through 56, above, were intentional.

61. The unlawful employment practices complained of in paragraphs 15 through 56, above, were done with malice or with reckless disregard for the federally protected rights of Cynthia Lappert, Cheyenne Green, Michelle Hessler, Ashley Harry, Lindsay Stover, Kathleen Brown, Savannah Gambina, Brandy Jones, Fawn Leathers, Bonnie Rene Fagan, Courtney Faller, Miranda Heightland, and a class of similarly situated females.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in sexual harassment and retaliation for having engaged in activities protected by Title VII.

  B. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for female persons who have been sexually harassed, and that eradicate the effects of their past and present unlawful employment practices.

  C. Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for persons who have availed themselves of Title VII protected activities and that eradicate the effects of their past and present unlawful employment practices.

  D. Order Defendants to make whole the individuals identified in this Complaint and a class of female employees who were subjected to sexual harassment by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to, reinstatement and front pay in lieu thereof.

  E. Order Defendants to make whole the individuals identified in this Complaint and a class of employees who were retaliated against because they availed themselves of Title VII protected activities by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices, including, but not limited to, reinstatement and front pay in lieu thereof.

  F. Order Defendants to make whole the individuals identified in this Complaint and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, out-of-pocket losses.

G. Order Defendants to make whole the individuals identified in this Complaint and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, out-of-pocket losses.

H. Order Defendants to make whole the individuals identified in this Complaint and a class of female employees by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be proven at trial.

I. Order Defendants to make whole the individuals identified in this Complaint and a class of female employees by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, loss of enjoyment of life, and humiliation, in amounts to be proven at trial.

J. Order Defendants to pay punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

K. Grant such further relief as the Court deems necessary and proper in the public interest.

L. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington, DC

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney
EEOC - Philadelphia District Office

_____
KATE NORTHRUP
Supervisory Trial Attorney
EEOC- Baltimore Field Office
10 South Howard Street, 3rd Floor
Baltimore, MD 21201
kate.northrup@eeoc.gov
Telephone:  (410) 209-2722
Fax:  (410) 962-4270


/s/ Melanie M. Peterson
MELANIE M. PETERSON
Senior Trial Attorney
EEOC - Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
melanie.peterson@eeoc.gov
Telephone:  (215) 440-2689
Fax:  (215) 440-2848