UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

    v.

EAST COLUMBUS HOST, LLC, *et al.*,

        Defendants.

        Civil Action 2:14-cv-1696
        Judge James L. Graham
        Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

Plaintiff, Equal Employment Opportunity Commission ("EEOC"), brings this employment action against Defendants, East Columbus Host, LLC, doing business as Texas Roadhouse ("ECH"), and Ultra Steak, Inc. (collectively "Defendants") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, asserting discrimination and retaliation claims.  This matter is before the Court for consideration of Defendants' and third-party Texas Roadhouse, Inc.'s ("Roadhouse Corporation") Motion to Quash Overly Broad and Unreasonably Burdensome Subpoena (ECF No. 41), the EEOC's Memorandum in Opposition (ECF No. 65), Defendants' and Texas Roadhouse's Reply (ECF No. 72), the EEOC's Motion for Leave to File a Sur-Reply (ECF No. 73), and Defendants' and Roadhouse Corporation's Brief in Opposition to the EEOC's Motion for Leave to File Sur-Reply (ECF No. 74).  For the reasons that follow, the Motion to Quash is **DENIED**, but the subpoena is **MODIFIED** as discussed herein.  In addition, the EEOC's Motion for Leave to File Sur-Reply is **DENIED AS MOOT**.

**I.**

Defendant ECH is a Texas Roadhouse franchisee that operates a Texas Roadhouse restaurant in Columbus, Ohio ("Columbus Roadhouse").  Defendant Ultra Steak is a management company that provides services to restaurants, including the Columbus Roadhouse.

According to the Complaint, in 2006, Defendant Ultra Steak hired Eric Price to work at an Ultra Steak restaurant in Indiana.  From January 2007 through October 2007, Price was employed as a service manager at an Ultra Steak restaurant in Indianapolis, Indiana.  In October 2007, Price became the managing partner of the Columbus Roadhouse and continued in that capacity through his termination in May 2011.

The EEOC alleges that throughout his employment at the Columbus Roadhouse, Price sexually harassed women, subjected women to an unlawful hostile work environment, and retaliated against women who opposed or complained of his sexual harassment.  The EEOC further alleges that Defendants received complaints of this harassment and retaliation and failed to investigate or conduct sufficient investigation of these complaints.  In the Amended Complaint, the EEOC identifies a number of individuals who it alleges were affected by these unlawful practices, all of whom were employed that the Columbus Roadhouse for varying lengths of time between 2007 and 2011.

As part of its discovery, the EEOC served a subpoena on non-party Roadhouse Corporation in Lousiville, Kentucky.  The subpoena contains the following six requests:

> **Document Request No. 1:** Any and all documents reflecting, or referring or relating to, any report or complaint by any person (including persons who reported or complained anonymously) regarding Eric Paul Price (also known as Eric Price or Eric P. Price), or any suspected incident of misconduct regarding Price, at any time from January 1, 2006, to the date of your response to this Subpoena.

2

**Document Request No. 2:** Any and all documents reflecting, or referring or relating to, any report or complaint by any person (including persons who reported or complained anonymously), or any suspected incident of, alleged sex harassment; sex discrimination; sexual or sexbased conduct or statements, comments, or jokes; any other form of alleged harassment or discrimination; or retaliation at any Texas Roadhouse franchise owned, operated, or otherwise associated with Ultra Steak, Inc. at any time from January 1, 2006, to the date of your response to this Subpoena, including, but not limited to, the Texas Roadhouse restaurants located at the following addresses: 10340 East U.S. Highway 36, Avon, Indiana 46123; 9111 N. Michigan Road, Indianapolis, Indiana
46268; and 5940 E. Main Street, Columbus, OH 43213.

**Document Request No. 3:** Any and all documents reflecting, or referring or relating to, correspondence between you, or any person/entity on your behalf, and Ultra Steak, Inc., or any person/entity on its behalf, regarding any report or complaint by any person (including persons who reported or complained anonymously) about any Texas Roadhouse franchise owned, operated, or otherwise associated with Ultra Steak, Inc. at any time from January 1, 2006, to the date of your response to this Subpoena, including, but not limited to, the Texas Roadhouse restaurants located at the following addresses: 10340 East U.S. Highway 36, Avon, Indiana 46123; 9111 N. Michigan Road, Indianapolis, Indiana 46268; and 5940 E. Main Street, Columbus, OH 43213.

**Document Request No. 4:** Any and all documents reflecting, or referring or relating to, correspondence between you, or any person/entity on your behalf, and East Columbus Host, Inc. d/b/a Texas Roadhouse (or East Columbus Host, LLC d/b/a Texas Roadhouse), or any person/entity on its behalf regarding any report or complaint by any person (including persons who reported or complained anonymously) about any Texas Roadhouse franchise owned, operated, or otherwise associated with Ultra Steak, Inc. at any time from January 1, 2006, to the date of your response to this Subpoena, including, but not limited to, the Texas Roadhouse restaurants located at the following addresses: 10340 East U.S. Highway 36, Avon, Indiana 46123; 9111 N. Michigan Road, Indianapolis, Indiana 46268; and 5940 E. Main Street, Columbus, OH 43213.

**Document Request No. 5:** Any and all documents reflecting, or referring or relating to, contracts, agreements, rules, personnel policies, employment manuals or handbooks (including those regarding owners/operators, managers, and restaurant workers), pamphlets, or other material that describes how Texas Roadhouse franchises owned, operated, or otherwise associated with Ultra Steak, Inc. or East Columbus Host, LLC d/b/a Texas Roadhouse) were to be operated, managed, supervised, or otherwise conduct business at any time from January 1, 2006, to the date of your response to this Subpoena.

3

**Document Request No. 6:** Any and all documents reflecting, or referring or relating to, contracts, agreements, rules, personnel policies, employment manuals or handbooks (including those regarding owners/operators, managers, and restaurant workers), pamphlets, or other material that describe what action any Texas Roadhouse franchise owned, operated, or otherwise associated with Ultra Steak, Inc. or East Columbus Host, Inc. d/b/a Texas Roadhouse (or East Columbus Host, LLC d/b/a Texas Roadhouse) should take regarding any complaint or report of, or suspected incident of, alleged sexual harassment; sex discrimination; sexual or sex-based conduct or statements, comments, or jokes; or retaliation any time from January 1, 2006, to the date of your response to this Subpoena.

(ECF No. 41-3.)

Defendants and the Roadhouse Corporation timely objected to the subpoena via correspondence with the EEOC in which they jointly assert that the subpoena was overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. They also objected on the grounds that the subpoena was improperly served and sought information that was confidential and protected by the work-product doctrine and attorney-client privilege.

After attempts to resolve the objections to the EEOC's subpoena failed, Defendants and the Roadhouse Corporation (collectively "Movants") jointly filed the subject Motion to Quash in the Western District of Kentucky, which was subsequently transferred to this Court for resolution. (ECF Nos. 38 and 41.) In their Motion, Movants re-raise the same objections advanced in their early correspondence with the EEOC.

In its Memorandum in Opposition (ECF No. 65), the EEOC counters that the discovery requested in the subpoena is properly discoverable and that Movants fail to satisfy their burden to show that the subpoena is overly broad, unduly burdensome, or otherwise improper.

In its Reply (ECF No. 72), Movants respond to the arguments the EEOC advanced in its Memorandum in Opposition and attaches the Declaration of Robert Gatto, the Vice President of

4

Ultra Steak, Inc., in which Mr. Gatto outlines the scope of Mr. Price's authority at the Columbus Roadhouse.  Movants also attach correspondence from the EEOC dated September 30, 2013, in which the EEOC sets forth its investigation determinations.

Citing Movants' attachments to their Reply, the EEOC has filed a Motion for Leave to File a Sur-Reply (ECF No. 73), asserting that it should have the right to address the attachments to the Reply and the new arguments Movants raised in connection with the attachments.  Movants oppose the EEOC's request for leave to file a sur-reply, asserting that they did not advance any new arguments in its Reply.  (ECF No. 74.)

Subsequent to the parties' briefing, the Court held an informal telephonic discovery conference in which the matters raised in the subject Motion to Quash were discussed.  In its November 4, 2015 Order, the Court memorialized the results of the conference.  (ECF No. 83.)  As reflected in the that Order, the Roadhouse Corporation indicated that it agreed to accept service of the subpoena, rendering moot the threshold issue of service raised in the subject Motion.  The parties also agreed that at this juncture, the temporal scope of discovery would be limited to January 1, 2006, through May 11, 2013, but that Plaintiff reserved the right to seek discovery beyond May 11, 2013, should it determine such discovery is necessary.

## II.

Non-party Roadhouse Corporation and Defendants ask the Court to quash the subpoena the EEOC served on the Roadhouse Corporation.  Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas.  Fed. R. Civ. P. 45.  Rule 45 permits parties in legal proceedings to command a non-party to attend a deposition, produce documents, and/or permit inspection of premises.  Fed. R. Civ. P. 45(a)(1).  The Rule provides that the person commanded to produce documents may serve an objection on the party or attorney designated in the subpoena within the

earlier of fourteen days after the subpoena is served or the time specified for compliance.  Fed. R. Civ. P. 45(c)(2)(B).  Upon a timely motion to quash, a court "must quash or modify a subpoena" that "subjects a person to undue burden" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Fed. R. Civ. P. 45(d)(3)(A).  In addition, a court "may . . . quash or modify the subpoena if it requires" disclosure of trade secret or other confidential information.  Fed. R. Civ. P. 45(d)(3)(B).

Determining the scope of discovery is within this Court's discretion.  *Bush v. Dictaphone Corp.*, 161 F.3d 363, 367 (6th Cir. 1998).  As the United States Court of Appeals for the Sixth Circuit has recognized, "[t]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad."  *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  In particular, discovery is more liberal than the trial setting, as  Rule 26(b) allows any "line of interrogation [that] is reasonably calculated to lead to the discovery of admissible evidence."  *Id.* (quoting *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 501 (6th Cir. 1970)).  In other terms, the Court construes discovery under Rule 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  In considering the scope of discovery, the Court may balance Plaintiffs' "right to discovery with the need to prevent 'fishing expeditions.'"  *Conti v. Am. Axle & Mfg., Inc.*, 326 F. App'x 900, 907 (6th Cir. 2009) (quoting *Bush*, 161 F.3d at 367).  Moreover, "the court must limit the frequency or extent of discovery otherwise allowed" should the court find that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."  Fed. R. Civ. P. 26(b)(2)(C)(iii).

## III.

The Court first addresses the EEOC's Motion to File a Sur-Reply before turning to Movants' substantive challenges to the subpoena.

### A.    Motion to File a Sur-Reply

As a threshold matter, the EEOC's Motion to File a Sur-Reply is **DENIED AS MOOT**. Local Civil Rule 7.2 provides that beyond a motion, a memorandum in opposition, and a reply, "[n]o additional memoranda . . . will be permitted except upon leave of court for good cause shown."  S.D. Ohio Civ. R. 7.2(a)(2).  "[T]his Court has consistently held that in order for a party to be given permission to file a sur-reply, the reply brief must raise new grounds that were not presented as part of the movant's initial motion." *Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, No. 2:07–CV–1190, 2010 WL 4117552, at *4 (S.D. Ohio Oct. 19, 2010).  "A surreply is not warranted where the party merely seeks to help the court evaluate the opposing party's submissions." *Fla. Keys Elec. Co-op Assoc., Inc. v. Nationwide Life Ins. Co.*, No. 2:14-cv-372, 2015 WL 5308630, at *2 (S.D. Ohio Oct. 16, 2014).

Here, even if the attachments Movants submitted in connection with their Reply could support the filing of a sur-reply memorandum, such a filing is appropriate only if the Court considers the new evidence and argumentation.  The Court, in considering the subject Motion to Quash, has declined to consider the attachments at issue.  Accordingly, the EEOC's Motion to File a Sur-Reply is **DENIED AS MOOT**.  (ECF No. 73.)

### B.    Document Request Number One

Movants initially asserted that the subpoena's first document request was overly broad in temporal, content, and geographical scope.  As set forth above, at this juncture, disputes relating to the temporal scope are resolved.

7

Turning to the geographical scope dispute, the EEOC points out that Mr. Price worked at other Ultra Steak Roadhouse restaurants prior to his employment at the Columbus Roadhouse. The EEOC asserts that Mr. Price's conduct at these other locations is relevant because it demonstrates what Defendants knew or should have known about his behavior. Movants maintain that complaints relating to Mr. Price's conduct only at the Columbus Roadhouse are relevant given that all of the allegations in the Amended Complaint relate to that particular location.

With regard to parties' dispute relating to content, Movants maintain that the EEOC's request for "documents reflecting, or referring or relating to, any report or any person" is overly broad because it seeks production of documents unrelated to the improper conduct alleged in this action. By way of example, Movants point out that even complaints about topics such as food quality and billing errors fall within the ambit of the EEOC's first request. On this point, the EEOC fails to offer much by way of response in the section of its Memorandum in Opposition discussing the first request. (*See* EEOC's Mem. in Opp. 8–12, ECF No. 65.) In its discussion of the second request, the EEOC does, however, argue that discovery relating to non-sexual mistreatment is discoverable because it may comprise part of sexual harassment hostile work environment claim.

The Court agrees with Movants that the request as currently drafted is overly broad and seeks production of complaints and reports that are unrelated to the conduct alleged in the complaint and have no bearing on the issues in this action. *See EEOC v. Kronos, Inc.*, 620 F.3d 287, 301–02 (3d Cir. 2010) (affirming trial court's refusal to enforce portion of subpoena requesting information based on race where the charging party had alleged disability discrimination and describing the subpoena as "an impermissible 'fishing expedition,'" adding

8

that "the EEOC is . . . not permitted to wander into wholly unrelated areas" (citations and internal quotation marks omitted)); *EEOC v. Southern Farm Bur. Cas. Ins. Co.*, 271 F.3d 209, 211–12 (5th Cir. 2001) (affirming trial court's refusal to enforce EEOC subpoena seeking information relating to sex discrimination where allegations involved only race discrimination); *cf. EEOC v. CRST Van Expedited, Inc.*, 679 F.3d 657, 674–75 (8th Cir. 2012) ("Where the scope of its pre-litigation efforts are limited—in terms of geography, number of claimants, or nature of claims—the EEOC may not use discovery in the resulting lawsuit "as a fishing expedition" to uncover more violations." (internal quotation marks and citation omitted)).  The EEOC is correct, however, that complaints and reports of non-sexual harassment or mistreatment directed at women are relevant to the claims asserted in this action.  *See Williams v. Gen. Motors Corp.*, 187 F.3d 553, 565 (6th Cir. 1999) ("[W]e now take this opportunity to join our sister circuits and make clear that the conduct underlying a sexual harassment claim need not be overtly sexual in nature."); *see also Howington v. Quality Rest. Concepts, LLC*, 298 F. App'x 436, 444 n.8 (6th Cir. 2008) (noting that "[a]lthough there is nothing inherently sexual about yelling or slamming doors" this conduct could be considered as part of the plaintiff's hostile work environment claim "to the extent [the] angry outbursts were an attempt to sabotage [the plaintiff] because she refused to have sex with [the harasser]").  Accordingly, the Court **MODIFIES** the scope of the first subpoena request such that only documents reflecting, referring, or relating to reports and complaints that pertain to allegations that Mr. Price engaged in sexual harassment, sex discrimination, retaliation, or mistreatment directed at a woman or towards women should be produced.

Turning to the geographical scope dispute, the EEOC points out that Mr. Price worked at other Ultra Steak Roadhouse restaurants prior to his employment at the Columbus Roadhouse.

9

The EEOC asserts that Mr. Price's conduct at these other locations is relevant because it demonstrates what Defendants knew or should have known about his behavior.  Movants counter that complaints relating to Mr. Price's conduct only at the Columbus Roadhouse are relevant given that all of the allegations in the Amended Complaint relate to that particular location.  The Court finds that with the content-based limitations set forth above in place, documents referencing reports and complaints regarding Mr. Price at other Ultra Steak restaurants are discoverable because they could contain information bearing on issues in this action.  Accordingly, the Court declines to further modify subpoena request number one.

## C.      Document Request Number Two

The second subpoena request is similar to the first with the exception that it is not limited in scope to complaints and reports regarding Mr. Price.  The parties' remaining disputes over this request again concern the content and geographic scope of the request.  In addition, Movants object to the EEOC's request for complaints regarding individuals other than Mr. Price.

With regard to Movants' content-based objection, the Court incorporates its analysis and conclusions set forth in the discussion regarding the first subpoena request.  The Court also adopts its analysis and conclusions concerning the geographical scope relating to *complaints concerning Mr. Price* at other Ultra Steak locations.

Whether discovery should be permitted concerning complaints and reports made against individuals other than Mr. Price at Ultra Steak locations other than the Columbus Roadhouse, however, requires additional discussion.  On this point, this Court has recognized that "[o]ne of the most important aspects of this analysis in the context of an employment discrimination case is where the decision was made which affected the plaintiff."  *Leeper v. Verizon Wireless*, No. 2:08-cv-727, 2009 WL 2709392, at *2 (S.D. Ohio Aug. 24, 2009).  This Court has also observed that

10

whether the location at issue was locally run is also an important consideration:

> In such cases courts have typically concluded that the appropriate scope of discovery depends upon whether there is credible information suggesting that an employer followed similar hiring policies or procedures both at the location where the alleged discrimination occurred and at other similar locations. If the location was clearly locally run, involved considerations unique to that location, and the hiring decisions were completely unaffected by company-wide policies or procedures, courts have generally restricted discovery to events at that location. On the other hand, if there is credible evidence of some larger policy in place which may have had an impact on local hiring decisions, courts will permit discovery concerning the nature of that policy and the extent to which it may have affected other similarly-situated job applicants at other locations where the policy was in effect. The Court of Appeals' decision in *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 907 (6th Cir. 1991) is typical of such decisions and recognizes the fact-specific nature of the inquiry.

*Barr v. Smith & Wollensky Restaurant Group*, 238 F.R.D. 222, 223 (S.D. Ohio 2006). Here, as set forth above, the allegations in the Amended Complaint relate to Mr. Price's conduct exclusively at the Columbus Roadhouse. Moreover, the EEOC has failed to present evidence reflecting that the alleged unlawful conduct occurred at other Ultra Steak locations or was a result of a company-wide policy. To the contrary, in the Amended Complaint, the EEOC alleges that "Price was the highest-ranking manager who worked at the restaurant on a daily basis *and had full management responsibility for all restaurant operations including hiring, training, managing, promoting, and firing personnel.*" (Am. Compl. ¶ 15.e, ECF No. 77 (emphasis added).) Thus, with the exception of permitting discovery relating to complaints and reports filed against Mr. Price at other Ultra Steak locations, the Court finds that discovery beyond the Columbus Roadhouse location is, at this juncture, overly broad. The EEOC's assertion that the geographical scope should be expanded simply because Defendants have asserted affirmative defenses and it seeks punitive damages is unpersuasive and unsupported by the case authority it cites. Rather, as Movants point out, the EEOC may challenge Defendants' affirmative defense and demonstrate its entitlement to punitive damages through examination of Defendants' policies and procedures and

the steps they took in response to the claims asserted in this case.  Accordingly, the Court **MODIFIES** subpoena request number two to limit the geographical scope to the Columbus Roadhouse.

The Court declines, however, to further modify subpoena request number two to exclude documents referring to complaints and reports made at the Columbus Roadhouse against individuals other than Mr. Price beyond the content-based and temporal restrictions discussed above.  Such complaints and reports are relevant in view of the allegations of a hostile work environment at the Columbus Roadhouse.  Accordingly, the Court declines to further modify subpoena request number two.

**D.      Document Request Numbers Three and Four**

Subpoena requests three and four seek records of communication between Roadhouse Corporation and Defendants.  For the reasons discussed above, the Court finds that these requests are overly broad in terms of content and geographic scope.  Accordingly, the Court **MODIFIES** subpoena requests three and four to include: (1) a content-based restriction to include only documents reflecting, referring, or relating to correspondence regarding reports and complaints relating to sexual harassment, sex discrimination, retaliation, or mistreatment directed at a woman or towards women; and (2) a geographic restriction to the Columbus Roadhouse with the exception of complaints and reports concerning Mr. Price's conduct at other Ultra Steak locations. **E.      Document Request Numbers Five and Six**

Subpoena request number five seeks records describing how Texas Roadhouse franchises Defendants operated were to be operated, managed, or supervised.  Subpoena request number six seeks records describing what actions should be taken regarding reports or complaints of sexual harassment, sex discrimination, sexual or sex-based conduct, or retaliation.  For the reasons

12

discussed above, the Court finds that these requests are overly broad in terms of geographic scope.  Accordingly, the Court **MODIFIES** subpoena requests five and six to include geographic restriction to the Columbus Roadhouse.

**F.     Objection Based Upon Confidentiality and Privilege**

To the extent Movants maintain that any of the responsive documents contain confidential, proprietary, or trade secret information and information protected from disclosure by the attorney-client privilege or work-product doctrine, the Roadhouse Corporation may, at this juncture, withhold the documents and submit a privilege log describing the nature of each document withheld and reason.  With respect to the non-privileged documents, the parties should collaborate to agree upon a protective order to facilitate production.

**IV.**

For the forgoing reasons, Movants' Motion to Quash Overly Broad and Unreasonably Burdensome Subpoena (ECF No. 41) is **DENIED**.  The subpoena at issue, however, is **MODIFIED** as described above.  Finally, the EEOC's Motion for Leave to File Sur-Reply (ECF No. 73) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: November 6, 2015                              _____/s/ *Elizabeth A. Preston Deavers*_____
                                                   ELIZABETH A. PRESTON DEAVERS
                                                   UNITED STATES MAGISTRATE JUDGE