IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) CASE NO. 2:14-cv-1696 ) ) |
| vs. | ) Judge James L. Graham ) Magistrate Judge Kimberly A. Jolson ) |
| EAST COLUMBUS HOST, LLC d/b/a TEXAS ROADHOUSE, and ULTRA STEAK, INC., | ) ) ) ) |
| Defendants. | ) ) |

## CONSENT DECREE

Plaintiff, the U.S. Equal Employment Opportunity Commission (the "Commission" or "EEOC"), commenced this action on September 24, 2014, in the United States District Court for the Southern District of Ohio (Eastern Division) against Defendants East Columbus Host, LLC d/b/a Texas Roadhouse and Ultra Steak, Inc. The Commission asserted claims arising under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 ("Title VII), alleging that Defendants discriminated against Charging Party Cynthia Lappert and other aggrieved female employees by subjecting them to sexual harassment and unlawfully retaliating against them because they complained about or opposed sexual harassment or otherwise engaged in protected activity.

EEOC and Defendants enter into this Consent Decree to resolve this action and all claims asserted in the Complaint and to promote and effectuate the purposes of Title VII.

PAGE 1

The Court finds that it has jurisdiction over the subject matter of this action and the parties for the purpose of the action, entry of this Consent Decree, and all proceedings related to the Consent Decree.

The Court, having examined the terms and provisions of the Consent Decree, further finds that it is reasonable and just in accordance with the Federal Rules of Civil Procedure and Title VII. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the parties, those for whom the EEOC seeks relief, and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## DEFINITIONS

A. "Defendants" refers, collectively, to East Columbus Host, LLC d/b/a Texas Roadhouse and Ultra Steak, Inc.

B. "Commission" and "EEOC" is the U.S. Equal Employment Opportunity Commission, an agency of the United States Government.

## GENERAL PROVISIONS AND COURT ENFORCEMENT POWERS

1. This Consent Decree constitutes full discharge and satisfaction of all claims against Defendants that were alleged in the Complaint filed in this action by the EEOC.

2. EEOC and Defendants shall bear their own attorneys' fees and costs incurred in connection with this action.

3. This Court shall retain jurisdiction to enforce the terms of this Consent Decree and will have all available powers to enforce this Decree, including, but not limited to, monetary sanctions and injunctive relief.

## GEOGRAPHIC SCOPE AND DURATION OF DECREE

4. This Consent Decree shall apply to all restaurants owned or operated by either Defendant throughout the United States to which Robert F. Gatto, Jr, is the market partner or otherwise supervises or manages.

5. This Consent Decree shall become effective on the date of its entry by the Court and shall remain in effect until its expiration date, which shall be five (5) years after the date of its entry by the Court.

## INJUNCTION

6. Defendants, their officers, directors, agents, employees, successors, assigns, and all persons in active concert or participation with them or any of them shall comply with all provisions of Title VII and are enjoined from any present or future violations of Title VII.

## MONETARY RELIEF

7. Defendants shall pay the amount of one million four hundred thousand dollars ($1,400.000.00), to aggrieved persons identified by EEOC in amounts to be determined solely by EEOC. Defendants shall make such payments within ten (10) business days after EEOC informs Defendants of the amount of each payment. Defendants shall send such payments directly to aggrieved persons identified by EEOC, by certified mail, at addresses provided by EEOC and shall issue appropriate IRS Forms to aggrieved persons in amounts directed by EEOC. Defendants shall send copies of payments and IRS Forms issued pursuant to this Decree to Senior Trial Attorney Melanie Peterson at EEOC's Philadelphia District Office.

## OFFERS OF EMPLOYMENT TO AGGRIEVED PERSONS

8. Defendants shall offer reinstatement to aggrieved persons identified by EEOC in positions and at locations to which the parties agree.

## NO RE-HIRE OF ERIC PRICE

9. Defendants shall not re-hire Eric Price or otherwise retain him to perform any work at any location as an employee, consultant, independent contractor, volunteer, or in any other capacity. This provision shall survive the expiration of this Consent Decree.

## POSTING OF NOTICE

10. Within five (5) business days following entry of this Consent Decree, Defendants shall post copies of the Notice, attached hereto as Exhibit A, in a conspicuous location in each facility covered by this Consent Decree and at all places in those facilities where employee notices are posted. The Notice shall remain posted in all such facilities for five (5) years from the date of entry of this Consent Decree. The Notice shall be typed legibly using font sizes not smaller than those used in Attachment A. If multiple pages are used for each Notice, they shall not be displayed one page behind another but must be posted so that all pages are in order and simultaneously visible (i.e., in horizontal row or vertical column configuration). In addition, Defendants shall post notice of all applicable federal equal employment opportunity laws and all other notices required by law. In the event that any of the aforementioned notices becomes defaced, marred, or otherwise made unreadable, Defendants shall immediately post a readable copy of such notice(s). Defendants shall certify to the EEOC in writing within ten (10) business days after entry of the Consent Decree that the notices required by this Paragraph have been properly posted. Defendants shall permit a representative of the EEOC to enter their facilities for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## EEO POLICIES AND PROCEDURES

11. Defendants shall create and implement a policy or policies that explain, define, and prohibit discrimination in the terms and conditions of employment including but not limited to hiring, firing, and promoting employees, and harassment and retaliation on the basis of sex, race, national origin, religion, or color and which contain related complaint procedures. These policies and procedures shall be drafted in plain and simple language. Defendants shall ensure that their policy or policies against discrimination, harassment, and retaliation and related complaint procedures meet the following minimum criteria:

 a. state that Defendants: (i) prohibit discrimination against employees on the basis of sex, race, national origin, religion, or color in violation of Title VII; (ii) prohibit retaliation against employees for opposing employment practices they reasonably believe are discriminatory or for participating in any investigation, whether internal or external, of a charge or claim of discrimination under Title VII; (iii) prohibit any act, policy, or practice that has the effect of harassing or intimidating any employee on the basis of sex, race, national origin, religion, or color in violation of Title VII; and (iv) prohibit any act, policy, or practice that has the effect of creating, facilitating, or permitting the existence of a work environment that is hostile to employees through acts such as, but not limited to, physical or verbal abuse or derogatory comments based on sex, race, national origin, religion, or color in violation of Title VII;

 b. include a complaint procedure designed to encourage employees to come forward with complaints regarding violations of its policy against discrimination, harassment, and retaliation, which shall meet the following minimum criteria: (i) provides effective mechanism(s) for reporting incidents of discrimination, harassment, and retaliation; (ii) provides that the complaints of discrimination, harassment, or retaliation can be made

PAGE 5

either in writing or orally; (iii) identifies employees to whom an employee can make a complaint, including permitting employees to report a claim of harassment or retaliation to his or her supervisor or manager and, as an alternative, providing employees with the up-to-date direct-dial telephone numbers for and permitting them to report a claim of harassment or retaliation directly to Defendants' human resources personnel, owners, or president(s); (iv) provides that making complaints to the person who is allegedly perpetrating the harassment is not required under any circumstances; (v) encourages prompt reporting by employees; and (vi) provides assurances that complainants shall not be subjected to retaliation and that complaints will be kept confidential to the extent practicable under the circumstances;

c. provide for prompt investigation of complaints of harassment or retaliation;

d. provide for prompt communication to the complaining party of the results of the investigation and any remedial actions taken or proposed;

e. provide for discipline up to and including immediate discharge of an employee, supervisor, or manager who violates Defendants' policy or policies against discrimination, harassment, and retaliation, and for increasingly severe discipline of repeat offenders unless immediate discharge is warranted after a first complaint based upon the nature of the conduct reported;

f. provide that supervisors and managers, of whatever rank, have a duty to actively monitor the work environment to ensure that it is free of discrimination, harassment, or retaliation;

g. provide that all supervisors and managers, of whatever rank, have a duty to document and to report any and all observations or complaints of potential or alleged

discrimination, harassment, or retaliation directly to designated human resources personnel, and that failure to carry out this duty is grounds for disciplinary action, up to and including immediate discharge;

12. Defendants shall distribute to all of their employees copies, which the recipients shall be permitted to keep and take home with them, of Defendants' policy/ies and procedures against discrimination, harassment, and retaliation within thirty (30) days after entry of this Consent Decree. Defendants shall distribute a copy of their policy/ies and procedures against discrimination, harassment, and retaliation to each subsequently hired temporary or permanent employee at the time of hire and shall permit each such recipient to keep and take home the distributed copies.

13. During the course of conducting any investigation of any potential or alleged gender discrimination (including but not limited to sexual harassment) or retaliation, Defendants shall determine whether any past complaints of gender discrimination or retaliation were made involving, or past investigations of gender discrimination or retaliation were conducted involving, the same individual(s) alleged or reported to have participated or been involved in the pending complaint or investigation. Defendants shall train all of their personnel conducting investigations of any potential or alleged gender discrimination or retaliation or who are otherwise involved in decision-making regarding those investigations, that such information of past complaints or investigations must be considered when considering or assessing any potential or alleged complaint of gender discrimination or retaliation regardless of when the past complaint was made or the disposition of the past investigation.

## DOCUMENTATION AND RECORD RETENTION REQUIREMENTS

14. Regarding each charge, complaint, or report (whether formal or informal, oral or written) and each investigation of potential or alleged gender discrimination or retaliation made during the term of this Consent Decree, Defendants shall compile an investigative file which shall contain the following: the name, home address, home telephone number and cell phone number (as applicable), job title, and social security number of each complainant and potential victim; the date of the charge, complaint, or report; the date/s on which the incident/s allegedly occurred; the location/s where the incident/s took place; the specific allegations that were made; the name, home address, home telephone number and cell phone number (as applicable), job title, and social security number of each person allegedly involved in discrimination or retaliation and of each potential witness; the complete substance of any statements made by each complainant, potential victim, person allegedly involved in discrimination or retaliation, and each witness; a detailed description of all actions taken to investigate the charge, complaint, or report; and a detailed description of Defendants' conclusions regarding the charge, complaint, report, or investigation and any corrective action taken in response to the charge, complaint, report, or investigation. Defendants shall also retain with the investigative file any other documents created or obtained in relation to a charge, complaint, report, or investigation, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications. Defendants shall retain all of the aforementioned records for the duration of this Consent Decree.

15. For the duration of this Consent Decree, Defendants shall retain all personnel, payroll, and other documents of any character related to any person complaining of or otherwise reporting gender discrimination or retaliation.

16. For the duration of this Consent Decree, Defendants shall retain all personnel, payroll, and other documents of any character related to any person who is involved (including but not limited to those identified as potential perpetrators) in any potential or alleged charge, complaint, or report of gender discrimination or retaliation and of any person who was identified as a potential witness or who provided any information concerning any such charge, complaint, or report.

17. Defendants' obligations to maintain records, as set forth in Paragraphs 14, 15, and 16 above, are not intended to nor do they limit or replace Defendants' obligations to retain records as set forth in EEOC regulations, such as 29 C.F.R. §1602.14. Defendants shall comply with 29 C.F.R. §1602.14.

18. Defendants shall produce to EEOC copies of all documents described in Paragraphs 14, 15, and 16 within ten (10) days of receiving a request from EEOC for such documents.

19. Complaint/Investigations Tracking System: Defendants shall adopt and maintain a centralized electronic tracking system, which is searchable by name of individual(s) and by location/s of alleged misconduct, which shall contain, for each charge, complaint, report, or investigation of gender discrimination or retaliation, at least the following information: (a) full name, home address, and home telephone number and cell phone number (as applicable) of each complainant and potential victim; (b) full name, home address, and home telephone number and cell phone number (as applicable) of any persons allegedly involved (including but not limited to those identified as potential perpetrators) in alleged incidents of discrimination or retaliation; (c) date each charge, complaint, or report was made; (d) date each investigation began and was completed; (e) type of discrimination or retaliation complained of, reported, or investigated (including protected characteristics or traits involved, such as "sex-female," "national origin-

Hispanic," etc.); (f) type of adverse employment action involved (such as "harassment," "failure to hire," "failure to promote," "demotion," "failure to schedule/make assignments," "termination," etc.); (g) location/s where alleged incident of discrimination or retaliation took place; (h) name and title of person(s) who conducted each investigation; (i) description of action taken in response to the charge, complaint, report, or investigation; (j) resolution, or decision made, regarding each charge, complaint, or report made and each investigation conducted, including whether Defendants determined that the charge, complaint, or report was, or was not, meritorious; and (k) status of each charge, complaint, report, or investigation reflected in the database (such as "open," "pending," "awaiting further review," or "closed," etc.). The parties will agree to all terms, codes, and other information used and retained in the database before execution of this Decree. Defendants shall make the information on this database accessible to all of Defendants' personnel who may be assigned to conduct investigations of discrimination or retaliation. Defendants shall maintain the database throughout the duration of this Decree and shall produce it to EEOC upon EEOC's request.

<u>SUBMISSION OF REPORTS AND NOTICES TO EEOC</u>

20. Defendants shall submit, through their counsel, written notification to the Commission regarding any and all charges, complaints, reports, or investigations of alleged gender discrimination or retaliation made regarding any person working at any facility owned or operated by either Defendant throughout the United States and any action taken by Defendants in response to such charges, complaints, reports, or investigations. Defendants' notification to the Commission, through their counsel, must be sent to the Commission's Philadelphia District Office, to the attention of Senior Trial Attorney Melanie Peterson, within thirty (30) days of any charges, complaints, reports, or investigations. Defendants' notification must be accompanied

by copies of the records Defendants are required by Paragraphs 14-16 and 19 to maintain with regard to the charge, complaint, report, or investigation that is the subject of the notification. Defendants' notifications must be updated, including, but not limited to, by appending any additions to the records required by Paragraphs 14-16 and 19, and sent to the Commission's Philadelphia District Office every thirty (30) days after the initial notification until final action is taken by Defendants on the charge, complaint, report, or investigation.

## EEO TRAINING

21. Defendants shall provide to all supervisory, management, and human resources personnel not less than four (4) hours of live training regarding discrimination made unlawful by Title VII, with particular focus on defining sexual harassment and retaliation, company policies prohibiting such conduct, the penalties for engaging in such conduct, the duty to monitor the work environment to ensure such conduct is not occurring, the duty to report complaints or observations of such conduct to designated human resources personnel, the penalties for not reporting such conduct, the content and requirements of this Consent Decree, and other germane topics. This training shall include at least two (2) hours of training regarding sexual harassment and one (1) hour of training regarding unlawful retaliation and shall further include opportunities for questions and answers. This training shall be provided within thirty (30) days of entry of this Consent Decree, annually thereafter for the duration of this Consent Decree, and within fourteen (14) days of the first day of work for all new supervisors, managers, and human resources personnel hired after the initial training session.

22. Within thirty (30) days after entry of this Consent Decree, and annually thereafter for the duration of this Consent Decree, Defendants shall provide all non-supervisory employees with not less than two (2) hours of live training regarding Defendants' obligations under Title VII;

Defendants' policies prohibiting harassment, discrimination, and retaliation made unlawful by Title VII; the content and requirements of this Consent Decree; and any related complaint procedures. This training shall place a particular emphasis on sexual harassment, including, but not limited to, defining sexual harassment; maintaining a harassment-free workplace; and the laws prohibiting unlawful retaliation.

23. All training described in Paragraphs 21 and 22 shall be provided by a third-party trainer to whom EEOC agrees and whom Defendants shall retain at Defendants' own expense.

24. On the first day of work for all new temporary and permanent non-supervisory employees who begin employment after the entry of this Consent Decree, Defendant shall provide such employees with not less than one (1) hour of live training regarding Defendants' policies prohibiting harassment, discrimination, and retaliation made unlawful by Title VII and any related complaint procedures. This training shall be conducted by human resources personnel or a management official with reasonable knowledge of the subject matter of the training.

25. Within thirty (30) days after the training sessions described in Paragraphs 21 through 24, Defendants shall submit to EEOC counsel of record a list of the names, job titles, and work locations of the attendees of such training sessions and with copies of any and all written materials provided to attendees.

## EEO INVESTIGATIONS AND CORRECTIVE ACTION TRAINING

26. Defendants shall retain, at their own expense, a third-party trainer to whom EEOC agrees to provide Defendants with not less than four (4) hours of training regarding exercising reasonable care when (i) receiving complaints of harassment or discrimination made unlawful by Title VII, (ii) conducting investigations of harassment and discrimination, and (iii) formulating

prompt and effective preventive and corrective action in response to harassment and discrimination. All of Defendants' personnel whose job duties include receiving complaints of harassment or discrimination, conducting harassment or discrimination investigations, and/or making decisions regarding preventive and corrective action, shall be required to complete such training  This training shall be in addition to the training otherwise required by this Decree and shall be provided within sixty (60) days of entry of this Consent Decree and within fourteen (14) days of the start of employment for all new hires in such positions. The EEOC must be notified, in writing, as to all content of such training (including training manuals and handout materials), method of presentation, length of training course, and the name and job title of each attendee within thirty (30) days after such training.

27. Defendants shall ensure that the investigation and corrective action training provided pursuant to Paragraph 26 shall include at least the following matters:

    a. legal obligations concerning harassment and discrimination investigations;

    b. investigative techniques, including identification of potential witnesses or others who may have been subjected to similar alleged treatment, interviewing techniques, and other sources of evidence in harassment and discrimination investigations;

    c. types of preventive and corrective actions and applicable legal obligations;

    d. that information regarding past complaints, allegations, or investigations of harassment or discrimination of a similar nature and involving the same individual alleged to have committed harassment or discrimination must be considered highly relevant evidence in the pending inquiry;

e.  that Defendants' personnel are required to research whether such past complaints or investigations exist by reviewing complaint and disciplinary records regarding the existence and details of any relevant prior complaints or investigations;

f.  that former employees may be sources of highly relevant evidence and should be contacted when appropriate;

g.  the significance of corroborative testimonial or documentary evidence in a harassment investigation, the need to investigate whether such evidence exists, but that corroborative evidence is not required to make a finding that allegations of harassment or discrimination are substantiated or well-founded;

h.  techniques for witness credibility assessment, particularly but not exclusively for situations in which there is conflicting testimony and an absence of corroboration;

i.  Defendants' record-creation and retention policies regarding documents and information related to complaints and investigations;

j.  the need to thoroughly document harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers;

k.  investigative confidentiality;

l.  post-investigation procedures for monitoring the work environment, including but not limited to follow-up interviewing of employees; and

m.  procedures for monitoring and auditing any post-complaint or investigation personnel actions regarding complainants and witnesses to ensure absence of retaliation.

<u>DISPUTE RESOLUTION AND COMPLIANCE REVIEW</u>

28. This Court shall retain jurisdiction to enforce the terms of this Consent Decree and will have all available powers to enforce this Consent Decree, including but not limited to monetary sanctions and injunctive relief.

29. Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Each party shall bear its own costs, expenses, and attorney's fees incurred in connection with such action.

30. Jurisdiction to resolve any dispute arising under this Consent Decree resides in the United States District Court for the Southern District of Ohio.

31. The Commission, its agents and employees shall in their discretion have the legal authority to enter any facility owned or operated by either Defendant, with reasonable prior notice to Defendants and their counsel, and conduct an on-site inspection to ensure compliance with Title VII and any of the terms of this Consent Decree. Such inspections may, at the discretion of the Commission, include access to any and all documents for the purposes of inspection and duplication; interviews or depositions of any persons; inspection of any area within the facility; and any other investigatory technique or procedure permitted by Title VII or the Commission's regulations. The Commission shall also have the legal authority to require appearance and testimony of Defendants' personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with Title VII and any of the terms of this Consent Decree. The Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph. Neither the Commission's authority under this Paragraph nor any other provisions of this Consent Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of Defendants that is provided by law, including,

but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964, the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act of 2008, and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## MISCELLANEOUS

32.    The terms of this Consent Decree shall be binding upon Defendants; all present and future parents of Defendants; all present and future subsidiaries of Defendants; all present and future owners, directors, officers, managers, employees, agents, trustees, administrators, representatives, successors, and assigns of Defendants. Defendants, and any successor(s) of Defendants, shall provide a copy of this Consent Decree to any organization or person who proposes to acquire or merge with either of Defendants, or any successor of either of Defendants, prior to the effectiveness of any such acquisition or merger.  This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Consent Decree.

33.    This Consent Decree constitutes the entire agreement and commitments of the parties. Any modifications to this agreement must be mutually agreed upon and memorialized in a separate writing signed by Defendants and the EEOC and approved by the Court.

34.    If any provision(s) of the Consent Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

35. When this Consent Decree requires a certification by Defendants of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of each of Defendants.

36. When this Consent Decree requires the submission by Defendants of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to Melanie M. Peterson, Senior Trial Attorney, Equal Employment Opportunity Commission, 801 Market Street, Suite 1300, Philadelphia, PA 19107.

**IT IS AGREED:**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

(for)
DEBRA M. LAWRENCE
Regional Attorney
EEOC-Philadelphia District Office
City Crescent Building, 3rd Floor
10 South Howard Street
Baltimore, MD 21201
(410) 209-2734 Telephone
(410) 962-4270 Facsimile

Dated: 9/8/16

KATE NORTHRUP
Supervisory Trial Attorney
EEOC-Baltimore Field Office

**EAST COLUMBUS HOST, LLC**

DON ESTEPP
Authorized corporate representative for Defendant East Columbus Host, LLC.

Dated: 9/8/16

**ULTRA STEAK, INC.**

DON ESTEPP
Authorized corporate representative for Defendant Ultra Steak, Inc.

Dated: 9/8/16

BLAKE J. BURGAN
Taft Stettinius & Hollister LLP
One Indiana Square Suite 3500
Indianapolis, IN 46204
(317) 713-3596 Telephone
(317) 713-3699 Facsimile

(410) 209-2722 Telephone
(410) 962-4270 Facsimile

Dated: 9/8/16

_Melanie M. Peterson_
MELANIE PETERSON
Senior Trial Attorney
EEOC-Philadelphia District Office

Dated: 9/18/2016

_Jessi Isenhart_
JESSI ISENHART
Trial Attorney
EEOC-Cleveland Field Office

Dated: 9/8/16

**IT IS SO ORDERED:**

DATED: 9/12/2016

Attorneys for Defendants East Columbus Host, LLC and Ultra Steak, Inc.

Dated: 9-8-16

_____
HONORABLE JAMES L. GRAHAM
United States District Judge

**EXHIBIT A**

## NOTICE TO ALL EMPLOYEES

This Notice is being posted pursuant to a federal court order in the matter of *EEOC v. East Columbus Host, LLC d/b/a Texas Roadhouse and Ultra Steak, Inc.*, Civil Action No. 2:14-cv-01696. In that lawsuit, EEOC alleged that East Columbus Host, LLC d/b/a Texas Roadhouse and Ultra Steak, Inc. discriminated against female employees by subjecting them to sexual harassment and retaliatory actions such as discharge, demotion, discipline, and involuntary transfer after they complained. To resolve the case, East Columbus Host, LLC d/b/a Texas Roadhouse and Ultra Steak, Inc. and the EEOC have entered into a Consent Decree which provides, among other things, that:

1) East Columbus Host, LLC d/b/a Texas Roadhouse and Ultra Steak, Inc. will pay $1,400,000 in monetary relief to females who were victimized by their unlawful employment practices;
2) East Columbus Host, LLC d/b/a Texas Roadhouse and Ultra Steak, Inc. are prohibited by federal court order and federal law from discriminating against employees because of sex, including but not limited to engaging in, permitting, or otherwise participating in sexual harassment;
3) East Columbus Host, LLC d/b/a Texas Roadhouse and Ultra Steak, Inc. are enjoined and prohibited from retaliating against any person because engage in any protected activity under Title VII, including but not limited to complaining about or reporting alleged discrimination or retaliation, participating in any internal investigation of such matters, or opposing any conduct made unlawful by Title VII;
4) East Columbus Host, LLC d/b/a Texas Roadhouse and Ultra Steak, Inc. will provide mandatory training to employees regarding gender discrimination and retaliation, and all employer policies regarding such matters.

EEOC enforces the federal laws against discrimination in employment on the basis of sex, race, color, religion, national origin, age, or disability. If you believe you have been discriminated against, or retaliated against for opposing or reporting discrimination, you have the right under federal law to contact the EEOC and report that discrimination or retaliation. EEOC can be reached at (800) 669-4000, TTY for the hearing impaired at (800) 669-6820, or via e-mail at info@eeoc.gov. The EEOC is a federal law enforcement agency and charges no fees to receive and investigate complaints.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

This Notice must remain posted for five years from the date below and must not be altered, defaced, or covered by any other material.

_9/8/16_  _[signature]_
Date          For: East Columbus Host, LLC

_9/8/16_  _[signature]_
Date          For: Ultra Steak, Inc.